FILED
In Open Court
USDC, Mass
Date 5|24|16
By J. Gaudet
Deputy Clerk



**U.S. Department of Justice**

*Carmen M. Ortiz*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*
April 5, 2016

William Connolly, Esq.
20 Park Plaza
Suite 1000
Boston, MA 02116

    Re:    <u>United States v. Kaleem Ahmad</u>

Dear Mr. Connolly:

    This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Kaleem Ahmad ("Defendant"), in the above-referenced case. The Agreement is as follows:

    1.    <u>Change of Plea</u>

    At the earliest practicable date, Defendant shall waive indictment and plead guilty to the Superseding Information attached to this Agreement charging him with: Conspiracy, in violation of 18 U.S.C. § 371 (Count One), and Making and Subscribing to a False Income Tax Return, in violation of 26 U.S.C. § 7206(1) (Count Two). Defendant expressly and unequivocally admits that he committed the crimes charged in counts One and Two of the Superseding Information, did so knowingly and willfully, and is in fact guilty of those offenses. Defendant also agrees to waive venue, to waive any applicable statute of limitations, and to waive any legal or procedural defects in the Superseding Information.

2. <u>Penalties</u>

Defendant faces the following maximum penalties:

| Offense | Incarceration | Supervised Release | Fine | Special Assessment | Restitution | Forfeiture |
|---|---|---|---|---|---|---|
| Conspiracy, 18 U.S.C. § 371 (Count One) | Five years | Three years | $250,000, or twice gross gain/loss | $100 | As determined by the Court | To the extent charged in the Information |
| Subscribing to a False Income Tax Return, 26 U.S.C.§7206(1) (Count Two) | Three years | One year | $100,000 | $100 | As determined by the Court | N/A |

Defendant also recognizes that pleading guilty may have consequences with respect to Defendant's immigration status if Defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offenses to which Defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and Defendant understands that no one, including defense counsel and the District Court, can predict to a certainty the effect of this conviction on Defendant's immigration status. Defendant nevertheless affirms his decision to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is Defendant's automatic removal from the United States.

3. <u>Sentencing Guidelines</u>

The sentence to be imposed upon Defendant is within the discretion of the District Court ("Court"), subject to the statutory maximum penalties set forth above and the provisions of the Sentencing Reform Act, and the advisory United States Sentencing Guidelines ("USSG" or "Guidelines"). While the Court may impose a sentence up to and including the statutory maximum term of imprisonment and statutory maximum fine, it must consult and take into account the USSG and the other factors set forth in 18 U.S.C. §3553(a) in imposing a sentence.

The U.S. Attorney will take the position that Defendant's total offense level under the USSG (prior to any adjustment for acceptance of responsibility) is calculated as follows:

- in accordance with USSG §2B1.1(a)(1), Defendant's base offense level is 6, because conspiracy carries a maximum term of 5 years;

The parties otherwise have no agreement as to the application of the USSG and reserve all rights with respect to how the USSG apply to Defendant. The U.S. Attorney has not yet determined the total amount of loss attributable to the conspiracy charged in Count One or, accordingly, the position she will take with respect to the appropriate number of levels to increase pursuant to U.S.S.G. § 2B1.1(b)(1).

The U.S. Attorney reserves the right to seek an upward departure pursuant to USSG §4A1.3 should any of Defendant's prior convictions be vacated or Defendant's Criminal History Category otherwise change after Defendant's indictment in this case.

In the event Defendant contends that there is a basis for departure from, or a sentence outside, the otherwise applicable Guidelines sentencing range based on Defendant's medical, mental, and/or emotional condition, or otherwise intends to rely on any such condition at sentencing, Defendant will, forthwith upon request, execute all releases and other documentation necessary to permit the U.S. Attorney and her experts (including Bureau of Prisons medical personnel) to obtain access to Defendant's medical, psychiatric, and psychotherapeutic records and will also provide to the U.S. Attorney forthwith copies of any such records already in Defendant's possession. In addition, Defendant will authorize Defendant's care providers to discuss Defendant's condition with the U.S. Attorney and her agents (including Bureau of Prisons medical personnel), as well as experts retained by the U.S. Attorney. Defendant also agrees to submit to examinations and interviews with experts retained by and chosen by the U.S. Attorney (including Bureau of Prisons medical personnel).

The U.S. Attorney reserves the right to oppose Defendant's argument(s) for a departure from, or a sentence outside, the USSG under the factors set forth in 18 U.S.C. §3553(a).

Based on Defendant's prompt acceptance of personal responsibility for the offenses of conviction in this case, and information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by three levels Defendant's adjusted offense level under USSG §3E1.1.

The U.S. Attorney reserves the right not to recommend a reduction under USSG §3E1.1 if, at any time between Defendant's execution of this Agreement and sentencing, Defendant:

   (a)  Fails to admit a complete factual basis for the plea;

   (b)  Fails to truthfully admit Defendant's conduct in the offenses of conviction;

   (c)  Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under USSG §1B1.3;

   (d)  Fails to provide truthful information about Defendant's financial status;

   (e)  Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which

    Defendant is accountable under USSG §1B1.3;

 (f) Engages in acts that form a basis for finding that Defendant has obstructed or impeded the administration of justice under USSG §3C1.1;

 (g) Intentionally fails to appear in Court or violates any condition of release;

 (h) Commits a crime;

 (i) Transfers any asset protected under any provision of this Agreement; or

 (j) Attempts to withdraw Defendant's guilty plea.

Defendant understands and acknowledges that Defendant may not withdraw his plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that Defendant receive a reduction in offense level for acceptance of responsibility. Defendant also understands and acknowledges that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the U.S. Attorney may seek an upward adjustment pursuant to USSG §3C1.1 if Defendant obstructs justice after the date of this Agreement.

Nothing in this Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

4. Sentence Recommendation

The U.S. Attorney agrees to recommend the following sentence before the Court:

 (a) incarceration within the Guidelines sentencing calculated by the U.S. Attorney in Paragraph 3 (with the additional increase pursuant to U.S.S.G. § 2B1.1(b)(1) for the loss as calculated by the U.S. Attorney);

 (b) a fine within the Guidelines sentencing range as calculated by the U.S. Attorney, unless the Court finds that Defendant is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay a fine;

 (c) 24 months of supervised release;

 (d) a mandatory special assessment of $200;

 (e) restitution as determined by the Court; and

 (f) forfeiture as set forth in Paragraph 10.

The parties agree jointly to recommend the following special condition of any term of

supervised release or probation:

> During the period of supervised release or probation, Defendant must, within six months of sentencing or release from custody, whichever is later:
>
> > (i)   cooperate with the Examination and Collection Divisions of the IRS;
> >
> > (ii)  provide to the Examination Division all financial information necessary to determine Defendant's prior tax liabilities;
> >
> > (iii) provide to the Collection Division all financial information necessary to determine Defendant's ability to pay;
> >
> > (iv)  file accurate and complete tax returns for those years for which returns were not filed or for which inaccurate returns were filed; and
> >
> > (v)   make a good faith effort to pay all delinquent and additional taxes, interest, and penalties.

Defendant agrees to provide the U.S. Attorney expert reports, motions, memoranda of law and documentation of any kind on which Defendant intends to rely at sentencing not later than 21 days before sentencing. Any basis for sentencing as to which Defendant has not provided the U.S. Attorney all such items at least 21 days before sentencing shall be deemed waived.

5.   **Payment of Mandatory Special Assessment**

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

6.   **Protection of Assets for Payment of Restitution, Forfeiture and Fine**

Defendant agrees not to transfer, or authorize the transfer of, any asset that has been restrained by Order of the Court in this case or any asset, whether or not restrained, that Defendant has agreed to forfeit pursuant to this Agreement.

Defendant agrees not to transfer, or authorize the transfer of any other asset in which Defendant has an interest without prior express written consent of the U.S. Attorney, except for:

> (a)  Assets subject to superior, secured interests of innocent third parties, in which Defendant has an equity interest of less than $5,000;
>
> (b)  Ordinary living expenses necessary to house, clothe, transport, and feed Defendant and those to whom Defendant owes a legal duty of support, so

    long as such assets do not exceed $5,000 per month; and

  (c)  Attorney's fees incurred in connection with this criminal case.

This prohibition shall be effective as of the date of Defendant's execution of this Agreement and continue until the fine, forfeiture, and restitution ordered by the Court at sentencing is satisfied in full.

Defendant further agrees to complete truthfully and accurately the sworn financial statement enclosed with this Agreement and to deliver that statement to the U.S. Attorney within 30 days of signing this Agreement.

 7. <u>Waiver of Rights to Appeal and to Bring Future Challenge</u>

  (a) Defendant has conferred with his attorney and understands that he has the right to challenge both his conviction and his sentence (including any orders relating to supervised release, fines, forfeiture, and restitution) on direct appeal. Defendant also understands that, in some circumstances, Defendant may be able to argue in a future proceeding (collateral or otherwise), such as pursuant to a motion under 28 U.S.C. §2255, 28 U.S.C. §2241, or 18 U.S.C. §3582(c), that Defendant's conviction should be set aside or Defendant's sentence (including any orders relating to supervised release, fines, forfeiture, and restitution) set aside or reduced.

  (b) Defendant waives any right to challenge Defendant's conviction on direct appeal or in a future proceeding (collateral or otherwise).

  (c) Defendant agrees not to file a direct appeal or challenge in a future proceeding (collateral or otherwise) any imprisonment sentence below the high end of the USSG sentencing guideline range as determined by the Court at the time of sentencing or any orders relating to supervised release, fines, forfeiture, and restitution. This provision is binding even if the Court's Guidelines analysis is different from that set forth in this Agreement.

  (d) The U.S. Attorney likewise agrees that, regardless of the analysis employed by the Court, the U.S. Attorney will not appeal any imprisonment sentence above the low end of the USSG sentencing guideline range as determined by the Court at the time of sentencing.

  (e) Regardless of the previous sub-paragraphs, Defendant reserves the right to claim that: (i) Defendant's lawyer rendered ineffective assistance of counsel under *Strickland v. Washington*; or (ii) the prosecutor in this case engaged in misconduct that entitles Defendant to relief from Defendant's

conviction or sentence.

8. <u>Other Post-Sentence Events</u>

   (a) In the event that, notwithstanding the waiver provision of sub-paragraph 7(c), Defendant appeals or challenges in a future proceeding (collateral or otherwise) Defendant's sentence, the U.S. Attorney reserves the right to argue the correctness of the sentence imposed by the Court (in addition to arguing that any appeal or future challenge (collateral or otherwise) is waived as a result of the waiver in sub-paragraph 7(c)).

   (b) If, notwithstanding the waiver provision of sub-paragraph 7(c), Defendant seeks re-sentencing, Defendant agrees not to seek to be re-sentenced with the benefit of any change to the Criminal History Category that the Court calculated at the time of Defendant's original sentencing, except to the extent that Defendant has been found actually factually innocent of a prior crime.

   (c) In the event of a re-sentencing following an appeal from or future challenge (collateral or otherwise) to Defendant's sentence, the U.S. Attorney reserves the right to seek a departure from and a sentence outside the USSG if, and to the extent, necessary to reinstate the sentence the U.S. Attorney advocated at Defendant's initial sentencing pursuant to this Agreement.

9. <u>Court Not Bound by Agreement</u>

The parties' sentencing recommendations and their respective calculations under the USSG are not binding upon the U.S. Probation Office or the Court. Within the maximum sentence Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the Court. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Defendant may not withdraw his plea of guilty regardless of what sentence is imposed, or because the U.S. Probation Office or the Court declines to follow the parties' USSG calculations or recommendations. Should the Court decline to follow the U.S. Attorney's USSG calculations or recommendations, the U.S. Attorney reserves the right to defend the Court's calculations and sentence in any direct appeal or future challenge (collateral or otherwise).

10. <u>Forfeiture</u>

Defendant understands that the Court will, upon acceptance of Defendant's guilty plea, enter an order of forfeiture as part of Defendant's sentence, and that the order of forfeiture may include assets directly traceable to Defendant's offense, assets used to facilitate Defendant's offense, substitute assets and/or a money judgment equal to the value of the property, real or personal, derived from, or otherwise involved in, the offense.

The assets to be forfeited specifically include, without limitation, the following:

a. $684.23 in United States currency, seized from Wells Fargo Bank account number 6436, held in the name of SMM Wholesale;

b. $28,084.21 in United States currency, seized from Eastern Bank account number ending in 2535 held in the name of Pick N Dip;

c. $1,550.00 in United States currency, seized from Santander Bank account number ending in 5644, held in the name of Ahmad Kaleem and Naeema Kaleem;

d. $27.33 in United States currency, seized from Santander Bank account number ending in 8598, held in the name of Ahmad Kaleem and Naeema Kaleem;

e. $29.96 in United States currency, seized from Citizens Bank account number ending in 8730, held in the name of Ahmad Kaleem and Naeema Kaleem;

f. $115.75 in United States currency, seized from Citizens Bank account number ending in 2891, held in the name of Ahmad Kaleem;

g. All non-cigarette tobacco products, commonly referred to as "other tobacco products," including but not limited to cigars, little cigars, smokeless tobacco, snuff, chewing tobacco, and loose tobacco, which are packaged or otherwise prepared for commercial distribution, seized from 661 Pleasant Street, Norwood, Massachusetts;

h. All non-cigarette tobacco products, commonly referred to as "other tobacco products," including but not limited to cigars, little cigars, smokeless tobacco, snuff, chewing tobacco, and loose tobacco, which are packaged or otherwise prepared for commercial distribution seized from 51 Morgan Drive, Unit 11, Norwood, Massachusetts;

i. $24,728.00 in United States Currency, seized from 13 Warmstone Way, Hopkington, Massachusetts on November 18, 2015; and

j. $107,658.00 in United States currency, seized from 661 Pleasant Street, Norwood, Massachusetts on November 18, 2015

(collectively, the "Properties"). Defendant admits that these assets are subject to forfeiture on the grounds that they constitute or are derived from proceeds traceable to the offense in Count One of the Information. Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2, and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding the forfeiture at the change-of-plea hearing, announcement of the forfeiture at sentencing, and

incorporation of the forfeiture in the judgment. Defendant understands and agrees that forfeiture shall not satisfy or affect any fine, lien, penalty, restitution, cost of imprisonment, tax liability or any other debt owed to the United States.

Defendant agrees to assist fully in the forfeiture of the foregoing assets. Defendant agrees to promptly take all steps necessary to pass clear title to the forfeited assets to the United States, including but not limited to executing any and all documents necessary to transfer such title, assisting in bringing any assets located outside of the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture. Defendant further agrees (a) not to assist any third party in asserting a claim to the forfeited assets in an ancillary proceeding, and (b) to testify truthfully in any such proceeding.

Defendant also agrees to waive all constitutional, legal, and equitable challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Agreement. Defendant agrees not to challenge or seek review of any civil or administrative forfeiture of any property subject to forfeiture under this Agreement, and will not assist any third party with regard to such challenge or review.

Defendant hereby waives and releases any claims Defendant may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets. Without limiting the generality of the foregoing, Defendant hereby specifically waives and releases his claims to any property seized by, or turned over to, the Federal Bureau of Investigation and the Internal Revenue Service on or about November 18, 2015, as to which Defendant hereby acknowledges Defendant received actual notice of civil judicial forfeiture proceedings.

11. <u>Information For Presentence Report</u>

Defendant agrees to provide all information requested by the U.S. Probation Office concerning Defendant's assets.

12. <u>Civil Liability</u>

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, Defendant may have incurred or may incur as a result of Defendant's conduct and plea of guilty to the charges specified in Paragraph 1 of this Agreement.

13. <u>Rejection of Plea by Court</u>

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on Defendant's motion, this Agreement shall be null and void at the option of the U.S. Attorney.

14. <u>Breach of Agreement</u>

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has violated any condition of Defendant's pretrial release, or has committed any crime following Defendant's execution of this Agreement, the U.S. Attorney may, at her sole option, be released from her commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to her under the law, regardless whether she elects to be released from her commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges that have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that his breach of any obligation under this Agreement shall not give rise to grounds for withdrawal of Defendant's guilty plea, but will give the U.S. Attorney the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements that Defendant may make, and any information, materials, documents or objects that Defendant may provide to the government subsequent to this Agreement, without any limitation. In this regard, Defendant hereby waives any defense to any charges that Defendant might otherwise have based upon any statute of limitations, the constitutional protection against pre-indictment delay, or the Speedy Trial Act.

15. <u>Who Is Bound By Agreement</u>

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

16. <u>Complete Agreement</u>

This letter contains the complete and only agreement between the parties relating to the disposition of this case. No promises, representations or agreements have been made other than those set forth in this letter. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Stephen P. Heymann.

Very truly yours,

CARMEN M. ORTIZ
United States Attorney

By: _____
Sarah E. Walters,
Chief, Economic Crimes Unit

Stephen E. Frank
Deputy Chief, Economic Crimes Unit

_____
Stephen P. Heymann
Assistant U.S. Attorney

11

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter, and that I have received no prior offers to resolve this case. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and the Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty, and I believe this Agreement is in my best interest.

_____
Kaleem Ahmad
Defendant

Date: 05/11/2016

I certify that Kaleem Ahmad has read this Agreement and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily, and knowingly. I also certify that the U.S. Attorney has not extended any other offers to resolve this matter.

_____
William Connolly, Esq.
Attorney for Defendant

Date: 5/17/16