UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 16-10006-WGY |
| | ) | |
| (3) KALEEM AHMAD, | ) | |
| Defendant. | ) | |

## PRELIMINARY ORDER OF FORFEITURE

**YOUNG, D.J.**

WHEREAS, on May 16, 2016, the United States Attorney for the District of Massachusetts filed a four-count Superseding Information charging defendant Kaleem Ahmad (the "Defendant"), and others, with Conspiracy, in violation of 18 U.S.C. § 371 (Count One); and Making and Subscribing a False Income Tax Return, in violation of 26 U.S.C. § 7206(1) (Counts Two through Four);[1]

WHEREAS, the Superseding Information also contained a Forfeiture Allegation, which gave the Defendant notice that the United States sought forfeiture, jointly and severally, pursuant to 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c), and upon conviction of the Defendant of the offense alleged in Count One of the Superseding Information, of any property, real or personal, which constitutes or is derived from proceeds traceable to the commission of such offense;

WHEREAS, such property included, but was not limited to the following:

   a. $684.23 in United States currency, seized from Wells Fargo Bank account number 2177386436, held in the name of SMM Wholesale;

   b. $28,084.21 in United States currency, seized from Eastern Bank account number 601032535 held in the name of Pick N Dip;

---

[1] The Defendant was only charged in Counts One and Four of the Superseding Information.

    c.    $2,257.13 in United States currency, seized from Bank of America account number 4605644757 held in the name of Raza Ali;

    d.    $1,550.00 in United States currency, seized from Santander Bank account number 39803165644, held in the name of Ahmad Kaleem and Naeema Kaleem;

    e.    $27.33 in United States currency, seized from Santander Bank account number 5139978598, held in the name of Ahmad Kaleem and Naeema Kaleem;

    f.    $29.96 in United States currency, seized from Citizens Bank account number 1302728730, held in the name of Ahmad Kaleem and Naeema Kaleem;

    g.    $115.75 in United States currency, seized from Citizens Bank account number 1139562891, held in the name of Ahmad Kaleem;

    h.    $5,759.64 in United States currency, seized from Citizens Bank account number 1323125237, held in the name of Muhammad S. Iqbal;

    i.    $9,101.01 in United States currency, seized from Citizens Bank account number 1183221244 held in the name of Muhammad S. Iqbal;

    j.    All non-cigarette tobacco products, commonly referred to as "other tobacco products," including but not limited to cigars, little cigars, smokeless tobacco, snuff, chewing tobacco, and loose tobacco, which are packaged or otherwise prepared for commercial distribution, and all cigarettes which do not bear a Massachusetts tax stamp, seized from 661 Pleasant Street, Norwood, MA;

    k.    All non-cigarette tobacco products, commonly referred to as "other tobacco products," including but not limited to cigars, little cigars, smokeless tobacco, snuff, chewing tobacco, and loose tobacco, which are packaged or otherwise prepared for commercial distribution and all cigarettes which do not bear a Massachusetts tax stamp seized from 51 Morgan Drive, Unit 11, Norwood, MA;

    l.    Approximately $24,728 in United States currency, seized from 13 Warmstone Way, Hopkinton, Massachusetts, on November 18, 2015; and

    m.    Approximately $107,658 in United States currency, seized from 661 Pleasant Street, Norwood, Massachusetts, on November 18, 2015

(collectively, Items (a)-(i), the "Accounts")[2],
(collectively, Items (j)-(m), the "Assets");

---

[2] The Accounts have all been administratively forfeited by the Internal Revenue Service, and are, therefore, no longer available for forfeiture in the instant criminal case.

WHEREAS, the Superseding Information further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, it is the intention of the United States, pursuant to 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(p), to seek forfeiture of all other property of the Defendant, up to the value of the property described above, including, but not limited to, the Accounts and the Assets;

WHEREAS, on May 24, 2016, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Counts One and Four of the Superseding Information, pursuant to a written plea agreement the Defendant signed on May 11, 2016;

WHEREAS, in Section 10 of the written plea agreement, the Defendant agreed to forfeit to the United States, without limitation, the Assets, because they constituted, or were derived from, proceeds traceable to the offense charged in Count One of the Superseding Information, as a result of the Defendant's guilty plea, and therefore, the Defendant consented to the forfeiture of all of his interests in the Assets;

WHEREAS, in light of the Defendant's guilty plea and admissions in his written plea agreement, the United States has established the requisite nexus between the Assets and the offense to which the Defendant pled guilty, and accordingly, the Assets are subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c); and

WHEREAS, pursuant 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Rule 32.2(b)(2)

of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Assets.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1. The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, that the United States has established the requisite nexus between the Assets and the offense to which the Defendant pled guilty.

2. The Court shall retain jurisdiction in this case for the purpose of enforcing this Order.

3. Accordingly, all of the Defendant's interests in the Assets are hereby forfeited to the United States of America for disposition pursuant to 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c).

4. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States is hereby authorized to seize the Assets and maintain them in its secure custody and control.

5. Pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 28 U.S.C. § 2461(c), the United States shall publish, for thirty (30) consecutive calendar days on the government forfeiture website www.forfeiture.gov, notice of the Preliminary Order of Forfeiture and notice of the United States' intent to dispose of the Assets.

6. Pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 28 U.S.C. § 2461(c), the United States shall give, to the extent practicable, direct written notice to any person known to have alleged an interest in the Assets to be forfeited.

7. Pursuant to 21 U.S.C. § 853(n)(2) and (3), as incorporated by 28 U.S.C. § 2461(c), the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a

legal interest in the Assets, shall, within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the Assets; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Assets, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Assets, any additional facts supporting the petitioner's claim, and the relief sought.

8. Pursuant to 21 U.S.C. § 853(n)(7), as incorporated by 28 U.S.C. § 2461(c), following the Court's disposition of all petitions filed under 21 U.S.C. § 853(n)(6), or if no such petitions are filed following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of such petitions, the United States of America shall have clear title to the Assets.

9. Upon adjudication of all third party interests, this Court will enter a Final Order of Forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Rule 32.2(c) of the Federal Rules of Criminal Procedure, in which all interests will be addressed.

10. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture will become final as to the Defendant at the time of his sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against him.

Date: Sept. 15, 2016

WILLIAM G. YOUNG
United States District Judge